```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARK E. THOMPSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-05997 (JBS-AMD) |
| CAMDEN COUNTY FREEHOLDERS;<br>DAVID OWENS, | **OPINION** |
| Defendants. | |

APPEARANCES:

Mark E. Thompson, Plaintiff Pro Se
412 Spruce Street
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

1. Plaintiff Mark E. Thompson seeks to bring an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Freeholders ("Freeholders") and David Owens, Warden of the Camden County Correctional Facility ("Warden") for allegedly unconstitutional conditions of confinement. Amended Complaint, Docket Entry 8. On November 1, 2016, Plaintiff's original complaint against the Camden County Jail was dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Docket Entry 7.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss

any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

    3.   For the reasons set forth below, the Court will dismiss the amended complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

    4.   To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

6. Thus, to state a *prima facie* case under § 1983 and to survive this Court's review under § 1915, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred. In the amended complaint, Plaintiff states: "[Upon] arrest sleeping on the floor under the [toilet] with 3 to 4 people in a room, rats [illegible] everywhere. [P]oor [ventilation], improper [illegible]." Am. Complaint § III. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

7. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

8. Moreover, Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders. As the governing body of Camden County, the Freeholders cannot be held liable under § 1983 solely on a theory of *respondeat superior*.

4

*Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). Plaintiff must instead plead facts showing that the Freeholders are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that the Freeholders were the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

9.  Similarly, Plaintiff has not pled sufficient facts to support an inference that the Warden was personally involved in either the creation of, or failure to address, the conditions of his confinement. State actors are liable only for their own unconstitutional conduct and may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). Plaintiff has made no allegations regarding the conduct or actions of the Warden.

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

10. As Plaintiff may yet be able to amend his complaint to address the deficiencies noted by the Court, the Court once more shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. However, this shall be Plaintiff's final opportunity to amend the complaint for screening purposes. If Plaintiff elects to amend a second time and the second amended complaint is insufficient to survive the Court's review under § 1915, the complaint will be dismissed with prejudice, meaning that Plaintiff will not be granted leave to amend a third time.

11. Plaintiff is reminded that when an amended complaint is filed, any previous complaints no longer perform any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the prior complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[3] *Id.*

---

[3] The second amended complaint shall be subject to screening prior to service.

12.  For the reasons stated above, the amended complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files a second amended complaint within the time allotted by the Court.

13.  An appropriate order follows.


**March 13, 2017**                              **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                 Chief U.S. District Judge